UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

        v.                                   CR NO. 08-185 M (JMF)

**QUENTON LOFTON,**

        **Defendant.**

---

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. On March 15, 2008, at approximately 8:25 p.m., several officers of the District of Columbia Metropolitan Police Department were patrolling the south alley of the 200 block of "I" Street, S.W. when they noticed a white Chevy Prism parked in the alley.

2. While seated in his car, Officer Fultz saw defendant sitting in the front passenger seat of the Prism. While he watched, Officer Fultz saw the defendant move from the passenger's side of the Prism to the driver's side. Officer Fultz proceeded to drive up to the Prism while Officer Smith, who was on foot in the alley,

approached the defendant on the driver's side. Officer Fultz got out of his car and approached the passenger side of the Prism.

3. While Officer Smith spoke to the defendant, Officer Fultz shone his flashlight into the passenger side of the Prism. While looking inside the Prism, Officer Fultz saw the defendant place his right hand on a black sock with a knot in the top of it. Officer Fultz also saw a marijuana cigarette in the ashtray.

4. Officer Smith told the defendant to step out of the Prism, which he did.

5. While the defendant was being questioned, the defendant's girlfriend walked into the alley from the sidewalk. She indicated that she was the owner of the Prism and asked what was going on. After being told, she consented to a search of the car.

6. Upon searching the Prism, Officer Fultz retrieved a black plastic bag which contained the following: 1) seven 0.5 ounce glass vials, 2) four 1.0 ounce bottles, 3) a lime juice bottle containing 8.0 ounces of PCP, 4) a package of Newport brand cigarettes with only one cigarette remaining, and 5) a pill bottle with the defendant's name on it in the center console next to the bottle of PCP.

**REASONS FOR DETENTION**

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The Statutory Standard**

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)©.  If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).  In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

    a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b. Past conduct, history relating to drug or alcohol abuse;

    c. Criminal history;

    d. Record concerning appearance at court proceedings;

    e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4. The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.**  PCP is a dangerous narcotic drug. At wholesale prices, one ounce of PCP could reach between $450 - $600. The police retrieved 8 ounces. As is customary with the distribution of PCP, cigarettes are used as a vehicle for the PCP. Known as "dippers," individual cigarettes are dipped into the liquid PCP and sold individually on the street for between $25 - $30.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.**  Defendant was born in the District of Columbia and is a lifelong resident. He is single and has five children, two of whom live with him. He is currently employed at Project Empowerment and has been for the past two years.

**The weight of the evidence.**  The weight of the evidence is overwhelming. Defendant was found to be in possession of an extremely large quantity of a dangerous narcotic. In addition, defendant also possessed the various other items used in packaging and redistribution of the PCP. The glass vials found in the care are used by wholesalers to redistribute smaller quantities of the PCP. As noted above, an almost empty cigarette pack was also found in the car, suggesting that the cigarettes had been used as dippers.

**History relating to drug or alcohol abuse.** No information was available as to this factor.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** On January 25, 1990, defendant was convicted for shoplifting. He received a sentence of one year of probation. His supervision on this conviction was administratively closed on July 10, 1991. On October 9, 1990, defendant was convicted of attempted possession of cocaine. He received a sentence of 356 days with 335 days suspended and 18 months of supervised release. Defendant's supervision expired satisfactorily on June 17, 1992. On September 28, 1993, defendant was convicted of armed car jacking and use of a handgun in a crime of violence. For the car jacking conviction, he received a sentence of 20 years of confinement with 20 years suspended and three years of supervised release. For the handgun conviction, he received five years of confinement. Defendant is currently on parole.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Because the defendant was found in possession of 8 ounces of PCP and the materials necessary for its redistribution, both at the wholesale level (using the vials) and at the individual level (using individual cigarettes) and because he proffered little to rebut the presumption of his dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

                                               /S/
                                **JOHN M. FACCIOLA**
                                **UNITED STATES MAGISTRATE JUDGE**

**March 21, 2008**