UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 08-101 (JDB) |
| | ) | |
| QUENTON T. LOFTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM**

Mr. Quenton T. Lofton, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fifth amendment to the United States Constitution, to suppress at trial all statements made by the Defendant on March 15, 2008. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. Mr. Lofton respectfully requests an evidentiary hearing on this motion. In support of this motion, counsel submits the following.

**FACTUAL BACKGROUND**[1]

Mr. Lofton is charged in a two-count indictment with Count One - Unlawful Possession With Intent to Distribute 100 Grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iv); and Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). The charges arose out of an incident that occurred on March 15, 2008. On that date, officers of the Metropolitan Police Department approached Mr. Lofton while he was sitting in a parked car in which they observed what looked like a marijuana cigarette.

---

[1] This statement of facts is a summary based on the PD 163 police report. By including in this motion the facts as alleged by government witnesses, Mr. Lofton does not in any way concede that these facts are accurate or true.

According to the officers, they searched the car after obtaining permission from the car's owner, Ms. Waites. The officers recovered from the car a marijuana cigarette, two ziplock bags of marijuana, and a bottle filled with a liquid that field tested positive for PCP.

According to the PD 163, while Mr. Lofton was seated in the car that was subsequently searched, he stated the following: "Yea Man, I wasn't driving, I am just waiting for my girl, and I don't have a driver's license." In addition, according to a discovery letter dated May 8, 2008, the government stated that it was providing "notice that after arrest but on the scene defendant stated spontaneously that everything in the car was his." The discovery letter also stated that according to Officer Fultz, when "Officer Fultz asked the defendant about the marijuana, the defendant replied that he did not know anything about the marijuana." These statements allegedly made by Mr. Lofton to Officer Fultz are not documented in any police report related to this case. There are no other statements that government intends to use at trial against Mr. Lofton.

## ARGUMENT

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody)." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes

omitted). Thus a person must be advised of his Miranda rights when there are "words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." Id. at 301.

With regard to the statement and actions at issue here, Mr. Lofton was clearly "in custody" for Miranda purposes. The test for custody is whether a reasonable person in Mr. Lofton's position would have believed himself unfree in a significant manner. See Berkemer, 468 U.S. at 442; and see also, United States v. Bowyer, 985 F.Supp. 153 (D.D.C. 1997). According to the PD 163, Mr. Lofton was asked to exit the vehicle by one of the officers on scene. Therefore a reasonable person in Mr. Lofton's position would have believed that he was in custody and not free to leave when a police officer told him to exit the car in which he was just sitting. See, Berkemer, 468 U.S. at 442.

After a person has been taken into custody or otherwise deprived of his freedom of action in any significant way, the right to Miranda warnings applies when a defendant is subject to "interrogation ... not only express questioning," but also to "words or actions on the part of the police officers that they should have known were likely to elicit an incriminating response from the suspect." Innis, 446 U.S. at 301. Therefore, even if a defendant is in custody, Miranda rights do not attach until a defendant is interrogated. See United States v. Bowyer, 985 F.Supp. 153 (D.D.C. 1997). Whether the words or actions on the part of the police are reasonably likely to elicit an incriminating response is analyzed from the perception of the suspect, rather than the intent of the police. Innis, 446 U.S. at 301.

## **CONCULSION**

For the reasons set forth above, and for such other reasons as this Court may determine at

a hearing on this motion, Mr. Lofton respectfully requests that this motion be granted and that the Court suppress the use as evidence of the statements allegedly made by him.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Cr. No. 08-101 (JDB) |
| | ) | |
| **QUENTON T. LOFTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Upon consideration of Defendant's Motion to Suppress Statements and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE