UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Cr. No. 08-101 (JDB) |
| ) | |
| QUENTON T. LOFTON, ) | |
| ) | |
| Defendant. ) | |

MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND INCORPORATED MEMORANDUM

Mr. Quenton T. Lofton, the defendant, through undersigned counsel, respectfully moves this Honorable Court to suppress at trial all evidence seized by law enforcement agents as the fruit of an illegal seizure and search.  This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below.  Mr. Lofton respectfully requests an evidentiary hearing on this motion.  In support of this motion, counsel submits the following.

**FACTUAL BACKGROUND**[1]

Mr. Lofton is charged in a two-count indictment with Count One - Unlawful Possession With Intent to Distribute 100 Grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iv); and Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).  The charges arose out of an incident that occurred on March 15, 2008.  On that date, officers of the Metropolitan Police Department approached Mr. Lofton while he was sitting in a parked car.

According to the PD 163, Mr. Lofton was told to get out of the car in which he was

---

[1]This statement of facts is a summary based on the PD 163 police report.  By including in this motion the facts as alleged by government witnesses, Mr. Lofton does not in any way concede that these facts are accurate or true.

sitting. At some point after Mr. Lofton was outside of the car, the owner of the car - Letticia Waites - approached the scene. Ms. Waites identified herself as the owner of the car to the officers there on scene. The PD 163 states that Ms. Waites was advised by Officer Fultz that some narcotics were observed in the car and as a result Officer Fultz asked Ms. Waites if her car could be searched. Ms. Waites then responded "yes, we just came from the Sixth District because my friend just got out from being arrested." At some point after this verbal exchange between Officer Fultz and Ms. Waites, the car was searched. The officers recovered from the car a marijuana cigarette, two ziplock bags of marijuana, and a bottle filled with a liquid that field tested positive for PCP. After the recovery of these items from the car, Mr. Lofton and Ms. Waites were both arrested.

## DISCUSSION

I.  **THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF THE ILLEGAL SEARCH OF THE CAR**

The Fourth Amendment of the United States Constitution requires that all searches and seizures be "reasonable." See Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be performed pursuant to some exception to the warrant requirement and the burden lies with the government to prove such exception. See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985); Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). In the instant case, the search for and seizure of items from a car in which Mr. Lofton was sitting was conducted without a warrant and without any legitimate

exception to the warrant requirement. Therefore, the search for and seizure of the evidence in this case violated the Fourth Amendment of the United States Constitution, and exclusion of that evidence is the proper remedy. See Wong Sun v. United States, 371 U.S. 471 (1963).

    A.    **THE EVIDENCE RECOVERED FROM THE CAR MUST BE SUPPRESSED BECAUSE THE POLICE DID NOT RECEIVE CONSENT TO CONDUCT A SEARCH**

With valid consent, the police may search one's home, person or possessions without a warrant and without probable cause. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). However, the evidence will show that Ms. Waites did not consent to the search of her car, nor did she consent to the search of items located inside of her car. Without her valid consent, the search was a clear violation of the Fourth Amendment. If the government chooses to justify the search of Ms. Waites's car by arguing that she had consented to the search, it bears the burden of proving both that the consent was given and that it was freely and voluntarily given. See Bumper v. North Carolina, 391 U.S. 543, 548 (1968). To determine if consent was given freely and voluntarily the Court must undertake a fact-based analysis of the totality of the circumstances. See United States v. Lloyd, 868 F.2d 447, 451 (D.C. Cir. 1989).

Acquiescence to authority has been recognized as an insufficient basis upon which to justify a search. See Bumper v. North Carolina, 391 U.S. at 548-49. In Higgins v. United States, 209 F.2d 819, 820 (D.C. Cir. 1954), the District of Columbia Circuit held that a suspect who allowed police to enter his room and "look around," resulting in the discovery of marijuana, had not consented. Rather, the court stated, the suspect merely had acquiesced. On this basis, the court held that an "occupant's words or signs of acquiescence in the search, accompanied by a denial of guilt, do not show consent; ... in the absence of some extraordinary circumstance..." 209

F.2d at 820. see <u>Florida v. Royer</u>, 460 U.S. 491, 497 (1983) ("where the validity of a search rests on consent, the State has the burden of proving that the necessary consent was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority") (citations omitted).

    Even if the government could show that Ms. Waites consented to the search, that consent must be shown to have been given freely and voluntarily. <u>See</u> <u>Bumper</u>, 391 U.S. at 548. The government must show that there was no coercion, threat, or use of force or authority to persuade Ms. Waites to consent to a search. <u>Id.</u> at 550. In determining the validity of any alleged consent it is relevant whether the accused was told she did not have to permit the officers to search the car, see <u>Florida v. Bostick</u> U.S. , 111 S.Ct. 2382, 2385 (1991) (among the factors significant in finding that suspect's encounter with the police was consensual was the fact that he was "specifically advised that he could refuse to consent"); <u>United States v. Battista</u>, 876 F.2d at 207 (police informing accused that he has right to refuse to consent to search is relevant to determination of voluntariness of consent); <u>United States v. Recalde</u>, 761 F.2d 1448, 1452 (10th Cir. 1985); <u>United States v. Maragh</u>, 756 F. Supp. 18, 21-22 (D.D.C. 1991); whether she was advised of her <u>Miranda</u> rights, see <u>United States v. McCaleb</u>, 552 F.2d 717, 721 (6th Cir. 1977); and whether there was a "custodial atmosphere." <u>See</u> <u>United States v. Jones</u>, 846 F.2d 358, 361 (6th Cir. 1988) (invalid consent where suspect not given <u>Miranda</u> warnings nor told of right to refuse consent and considered himself under arrest and obligated to comply with police officers' requests); <u>United States v. Maragh</u>, 756 F.Supp. at 21 (one officer holding suspect's arm and another holding his bag rendered it more likely than not that suspect considered himself to be under arrest).

**CONCLUSION**

For the reasons set forth above, and for such other reasons as this Court may determine at a hearing on this motion, Mr. Lofton respectfully requests that this motion be granted and that the Court suppress the use as evidence all items seized from Ms. Waites's car.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | **Cr. No. 08-101 (JDB)** |
| | ) | |
| **QUENTON T. LOFTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

Upon consideration of Defendant's Motion to Suppress Evidence and finding good cause shown, it is this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE