UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 0 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

Plaintiff,

v.

QUENTON LOFTON,

Defendant.

Criminal Action No. 08-101 (JDB)

## ORDER

The Court has now had the opportunity to review the additional authorities raised by defendant for the first time at the motions hearing on July 1, 2008. Those cases do not aid defendant's arguments. Hence, for the reasons stated at the conclusion of the motions hearing, defendant's motion to suppress physical evidence is **DENIED**. Under well-established law, defendant did not have a reasonable expectation of privacy in the automobile in which he was, concededly, merely sitting as a passenger, and therefore he cannot challenge the search of the vehicle and the seizure of items in which he may have a possessory or ownership interest. See, e.g., Rakas v. Illinois, 439 U.S. 128, 133-34, 148 (1978); United States v. Salvucci, 448 U.S. 83, 85 (1980); Minnesota v. Carter, 525 U.S. 83, 91 (1998). Moreover, on the record before the Court, the search of the interior of the automobile was conducted with the valid, voluntary consent of the vehicle's owner. See, e.g., Schneckloth v. Bustamonte, 412 U.S. 218, 243-49 (1973).

As also stated at the conclusion of the motions hearing, the motion to suppress statements

-1-

is **GRANTED**. The government did not adequately respond to that question, even though some testimony relating to statements by defendant was received, and hence as of this time no statements of defendant will be admitted at trial. This ruling does not preclude the government from filing a motion for reconsideration, which the Court will address if one is filed.

**SO ORDERED**.

/s/
JOHN D. BATES
UNITED STATES DISTRICT JUDGE

Date: July 2, 2008