UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 08-101 (JDB) |
| | : | |
| QUENTON LOFTON, | : | |
| | : | |
| Defendant. | : | Trial date: August 20, 2008 |
| | : | |

**GOVERNMENT'S MOTION TO RECONSIDER
ORDER TO SUPPRESS STATEMENTS**

The government hereby requests that this Court reconsider it's previous ruling granting the defendant's motion to suppress statements in the present case.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 2, 2008, this Court set motions and trial dates in the above-entitled case. Motions date was set as June 12, 2008, with responses due on June 26, and replies by June 30. A hearing on motions was set for July 1, 2008.

On June 12, 2008, defendant timely filed two motions to suppress evidence. One motion was filed regarding physical evidence, and a separate motion was filed regarding statements by the defendant.

On June 24, 2008, the government responded to defendant's motion to suppress physical evidence. The assigned Assistant United States Attorney was unaware of the second motion, and as a result, the government did not file an opposition in response to defendant's motion to suppress statements.

On July 1, 2008, after a hearing on the motion to suppress physical evidence, defendant

moved this Court to treat the government's failure to respond as having conceded the motion to suppress statements.

On July 2, 2008, defendant's motion to suppress physical evidence was denied; defendant's motion to suppress statements was granted.

The government now moves this Court to reconsider it's ruling regarding defendant's motion to suppress statements, and to reopen this matter to allow full consideration of the issues of law and fact as described in the government's opposition, filed as a companion brief to this motion to reconsider.

## **ARGUMENT**

It is uncointested that, where a party fails to properly respond to a motion, the Court, in it's discretion, may treat that motion as conceded; it is equally clear that such a ruling is discretionary, and that the Court may reconsider such a ruling in the interest of justice.

Here, the government admittedly failed to respond in a timely manner to the defendant's motion to suppress statements. The responsibility to prepare and file the subject response was wholly that of the undersigned Assistant United States Attorney. There was no failure of the ECF system or other technical issue; the defendant's filing was properly available to the government. In this case, the failure to respond was the result of poor administration by the assigned AUSA, causing him to be unaware of the second motion to suppress until, literally, the moment the issue was raised at the July 1 hearing.

The government, nonetheless, requests reconsideration of the court's ruling on this matter, and further requests that the government's opposition be considered and that further hearing of this matter be set at such time as may be convenient for Court and counsel.

In support of this request, the government argues that such reconsideration would not be unfairly prejudicial to the defendant, as this matter has not yet been considered on it's merits. Furthermore, the issues of law and fact are relatively straightforward, and it appears that a hearing on this matter should be brief, and would pose relatively little burden on the Court's schedule. Last, it is unlikely that any ruling in this matter would have any impact on the defendant's desire for a trial in this case, leaving open the possibility that this motion could be heard on the date set for trial, if that met the needs of Court and counsel.

In summary, fair consideration of the merits of a case requires that finders of fact have the benefit of all relevant evidence that may properly assist in reaching a verdict. To that end, the government submits that where time and circumstance allow, substantive consideration of this motion best serves the ends of justice.

WHEREFORE, the government respectfully requests that the Court reconsider the previous ruling in this matter, and set a hearing on the merits of defendant's motion in light of the present filings.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney

  /s/ William L. Woodruff
WILLIAM L. WOODRUFF
Assistant United States Attorney
Federal Major Crimes Section
DC Bar number: 481-039
555 4th Street, N.W.  #4840
Washington, DC 20530
(202) 307-6080; Fax: 353-9414
William.Woodruff2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **CRIMINAL NO. 08-101 (JDB)** |
| **v.** : | |
| : | |
| **QUENTON LOFTON,** : | |
| : | |
| **Defendant.** : | |

**ORDER**

Upon consideration of the Government's Motion to reconsider defendant's motion to suppress statements, and the record herein, it is this \_\_\_\_\_ day of _____, 2006, hereby

ORDERED, that the Government's Motion be Granted.

_____
UNITED STATES DISTRICT JUDGE