UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>QUENTON LOFTON,<br><br>Defendant. | Criminal Action No. 08-101 (JDB) |

## ORDER

Defendant filed two motions to suppress evidence in this case, one regarding physical evidence and a separate motion regarding statements by the defendant. Although the government filed an opposition to the motion to suppress physical evidence, it did not file an opposition to the motion to suppress statements. A motions hearing was held on July 1, 2008, at which the evidence focused only on the physical evidence seized. Defendant then asked the Court to grant both motions, one on the basis of the evidence, and the other as conceded. In an order dated July 2, 2008, the Court denied the motion to suppress physical evidence but granted the motion to suppress statements, specifically noting that the government could, based on a reasonable explanation, move for reconsideration on the motion to suppress statements.

More than three weeks later, on July 23, 2008, the government simply filed a "response" to the motion to suppress statements. When defendant pointed out in a reply filed on July 30, 2008 that the government had failed to timely oppose the motion to suppress statements and still had not moved for reconsideration, the government filed a brief motion to reconsider later on that same day. In that belated motion -- filed four weeks after the Court invited such a filing -- the

government offers no reasonable explanation for its failure in the first instance to oppose the motion to suppress statements, attributing the failure to inadvertence resulting from "poor administration."

Permitting the government to oppose the motion to suppress statements at this time is inconsistent with Rule 45(b)(1)(B) of the Federal Rules of Criminal Procedure which provides that an extension of time is allowed after the time for filing expires only "if the party failed to act because of excusable neglect." No such showing has been made here. Furthermore, trial in this matter is set to commence on August 20, 2008. An additional evidentiary proceeding would be required to address on the merits the motion to suppress statements. That would not be reasonable at this time. Under the circumstances, the Court will deny the government's motion to reconsider the Court's prior ruling granting the motion to suppress statements.

Accordingly, the government's motion to reconsider [Doc. #19] is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Date: August 14, 2008