## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :
        :
    v.        :    **CRIMINAL NO.: 08-101 (JDB)**
        :    **Trial Date: August 20, 2008**
QUENTON LOFTON,    :
        :
        Defendants.  :
        :

## GOVERNMENT'S PROPOSED VOIR DIRE

In accordance with the Court's order, dated July 1, 2008, the United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court consider the following proposed voir dire questions:

## STATEMENT OF THE CASE

Defendant Quenton Lofton has been charged in a two count indictment with one count of unlawful possession with intent to distribute 100 grams or more of a substance containing phencyclidine, otherwise known as PCP; and one count of unlawful possession of a controlled substance, cannabis, otherwise known as marijuana. The government alleges that, on March 15, 2008, at approximately 8:30 p.m., Metropolitan Police Department officers made contact with Mr. Lofton as he sat in a parked car in an alley adjacent to the 200 block of I Street, S.W., in the District of Columbia. It is further alleged that during this contact, officers recovered an 8-ounce "ReaLime" bottle filled with a liquid containing PCP, suspected drug distribution paraphernalia, two plastic bags containing marijuana, and a hand-rolled cigar containing marijuana. Mr. Lofton denies these charges.

## VOIR DIRE QUESTIONS

1.      I am Judge John D. Bates and I will be the presiding judge in this case.  Assisting me are _____.  The court reporter today is _____.  Do any of you know me or any of my staffthese people?

2.      The United States is represented in this case today by Assistant United States Attorneys Emily Miller and William Woodruff.  Do you know or think that you recognize Ms. Miller, or Mr. Woodruff?

The defendant is Quenton Lofton, and the attorneys representing Mr. Lofton are Assistant Federal Defenders Carlos Vanegas and Dani Jahn.  Do any of you know Mr. Lofton, Mr. Vanegas, or Ms. Jahn?

3.      This is a criminal case in which the defendant is charged with unlawful possession with the intent to distribute more than 100 grams of a substance containing phencyclidine (PCP), and unlawful possession of cannabis (marijuana) as previously described to you.  Do any of you believe you may know anything about the facts and circumstances of this case?

4.      Do any of you live or work in the area of the 200 block of I Street, SW, Washington, D.C.?

5.      The government will call a number of witnesses to testify during the trial.  The defense may also, but is not required to call any witnesses.  Mr. Woodruff will now read a list of names of witnesses who you may hear from and of people who you may hear about during the trial.  (List to be provided at trial.)

Ms. Jahn will now read a list of names of witnesses who you may hear from or about during trial.  Not all of these witnesses will necessarily testify, and the defense is not

required to call any witnesses, but they are being introduced to determine whether any of you

know any of the prospective witnesses in this case.  (List to be provided at trial.)

Do any of you know any of the people just announced?

6.    Does any member of the panel know any other member of the panel or any other

person in the courtroom -- from work, school, church, socially or wherever? [If so, would that

affect your ability to decide the case for yourself based on your individual judgment?]


<u>Presumption of Innocence, Burden of Proof and Reasonable Doubt</u>

7.    Mr. Lofton – like all defendants – is presumed innocent unless and until the

government proves his guilt beyond a reasonable doubt.  This presumption continues throughout

the trial.  Would any of you be unable to follow this requirement of the law?

8.    The burden of proof in a criminal case is on the government.  Mr. Lofton does not

need to produce any evidence whatsoever to prove that he is not guilty of these charges.  The law

does not require that a defendant offer any evidence or take the stand and testify on his own

behalf because the burden is on the government.  If you are selected, will you have any difficulty

applying this rule of law?

9.    The defendant has been charged with this offense by way of indictment.  An

indictment is not evidence; it is merely the formal manner of informing the accused of the charge

against him.  Does the fact that a Grand Jury returned an indictment make it difficult for you to

presume the innocence of Mr. Lofton?  In other words, does the mere fact that the defendant has

been charged with a crime lead you to conclude that he is guilty of the crime?

10.    If after you have heard all the evidence, you find that the government has proven

3

beyond a reasonable doubt every element of the offense, it is your duty to find the defendant guilty.  Would you be reluctant or unable to carry out that duty?

## Familiarity with Prosecution / Defense / Police Work or Jury Service

11.    Have you or any of your family or close friends or household members studied law or had any legal training, including paralegal training?

  a.    If the answer is yes, what was the nature of the studies or training?

  b.    Would this study or training affect your ability to follow the Court's instructions as to the law that should be applied in this case?

12.    Are you or any of your family or close friends or household members an attorney involved in any way in civil or criminal litigation?

13.    Are you or any of your family or close friends or household members a prosecutor or an employee in an office that handles criminal prosecutions, such as the Department of Justice, the U.S. Attorney's Office, the D.C. Attorney General's Office (formerly the Corporation Counsel's office), a district attorney's office, or an attorney general's office?

14.    Have you or any of your family or close friends or household members ever worked in any capacity for any type of law enforcement agency?  This would include the Metropolitan Police Department or any other police department (in or outside the District), the D.C. Office of Inspector General, U.S. Park Police, Federal Bureau of Investigation, Department of Homeland Security, Federal Protective Service, Postal Inspectors, correctional officers, the Department of Justice, U.S. Marshals Service, the Internal Revenue Service, U.S. Secret Service, or any other federal, state or local law enforcement agency.

15.    Do any of you now, or have you in the past five years, belonged to or participated in any crime prevention groups, such as neighborhood watch organizations or orange hat groups?

16.    Are you or any of your family or close friends or household members employed in any capacity by or work with any firm or agency which does criminal defense work, such as the Federal Public Defender's Office, the D.C. Public Defender's office, or a private law firm?

17.    Do you or any of your family or close friends or household members presently have a pending application for employment with the United States Attorney's Office, the Federal Public Defender Service, or a criminal defense attorney?

18.    Have you or any of your family or close friends or household members ever worked at a courthouse or for a court system, including probation or parole officers, or for a prison, jail or corrections department?

19.    Are you or any of your family or close friends or household members a present or former investigator of any kind, including military, insurance company, fire department, private detective, or defense investigator?

20.    Have you ever served on a Grand Jury? [If so, was there anything about that

experience that would make it difficult for you to serve in this case?  Do you understand that the burden of proof for conviction at trial is different from the burden of proof required to indict?  Do you understand that the burden of proof before the grand jury is one of probable cause, whereas at trial the government must prove the essential elements of the charges beyond a reasonable doubt?  Would you have any difficulty applying the correct standard as I define it for you at the close of the case?]

21.    Have you ever served as a trial juror in a criminal case? [If so, was there anything about that experience that makes you feel you would have trouble being fair and impartial or that would make it difficult for you to serve in this case?]

22.    Have you formed specific opinions concerning defense attorneys or prosecutors that would affect you in deciding this case?

General Experience with Law Enforcement/Crime

23.    Have you, or any members of your family or close friends, had an experience with the police, including being stopped for a traffic violation, or with any person associated with or employed by the United States Attorney's office or the Court, which would make it difficult for you to be a fair and impartial juror in this case?

24.    Do you believe that the testimony of a law enforcement officer (this includes members of any law enforcement agency, such as the FBI, or the D.C. Inspector General's Office) is more, or less, likely to be truthful simply because that witness is a law enforcement officer?

25.    Have you or any family member or close friend of yours or member of your household ever been the victim of, a witness to, or charged with a criminal offense (excluding

traffic offenses)?

## The Offenses Charged

26.     This case involves allegations of unlawful possession of a controlled substance (100 grams or more of phencyclidine, also known as PCP) with the intent to distribute that substance, and the unlawful possession of another controlled substance, cannabis, also known as marijuana.  Does anyone have such strong feelings about the nature of the charges that it would be difficult for you to be fair and judge this case on the evidence presented?

27.     Have you heard about this case in the media or from some other source?

28.     The defendant is charged with possession with intent to distribute more than 100 grams of phencyclidine, otherwise known as PCP.  Does the amount of the alleged PCP in and of itself affect your ability to hear this case fairly and impartially?

29.     Does anyone believe that either too much or too little effort is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

30.     Do you have an opinion or feeling about federal or local drug laws that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

31.     Do you have any experience with narcotics addiction, either personally or through family or friends, that would affect your ability to hear this case fairly and impartially?

Individual Judgment

32.     Do you have any moral, social, political, philosophical, religious or any other beliefs that would interfere with your ability to judge the conduct of the defendant and return a fair and impartial verdict based solely upon the evidence?

33.     To reach a verdict, every juror must agree on the verdict.  That is, any verdict must be unanimous.  In deliberations you are to consider the opinions and points of your fellow jurors.  However, in the final analysis, you must follow your own conscience and be personally satisfied with any verdict.  Would you have any difficulty expressing your own opinions and thoughts about this case to your fellow jurors, or do you believe that you would tend to go along with the majority of jurors, even if you did not agree with them?

34.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Is there anyone who for any reason would not be able to accept and follow the Court's instructions regarding the law?

35.     Sometimes the legal definition of words can be different from common, every day meanings.  I will instruct you about the specific legal definitions of certain terms in this case. Would you have difficulty following my instructions about a term's legal meaning, where my instructions clash with your own personal definition?

36.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all following this principle?

8

<u>Medical Problem/Hardship/Catch-all</u>

37.     Do you have a hearing problem such that it would make it difficult for you to hear testimony, or an eyesight problem that would make it difficult for you to view or read evidence?

38.     Are you presently taking any medication which might cause drowsiness, or experiencing any other physical or mental conditions which might in any way affect your ability to give your full attention to this case?

39.     Do you have any difficulty understanding the English language?

40.     The presentation of evidence in this trial is expected to last 3 days; the length of deliberations is determined by the jury itself.  Is there any member of the panel who has an urgent matter to attend to this week or early next week, such that you could be faced with a severe hardship if selected for the jury in this case? [Only true emergencies]

41.     Do you know any other reason, not already discussed, that might interfere with your ability to arrive at a fair and impartial verdict, or which causes you to feel you cannot sit as a juror in this case?

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


_____/s/_____

By:    WILLIAM L. WOODRUFF
       Assistant United States Attorney
       DC Bar No. 481-039
       Federal Major Crimes Section
       555 4th Street, N.W.
       Washington, D.C. 20530
       (202) 307-6080
       William.Woodruff2@usdoj.gov

9