UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 08-101 (JDB) |
| | : | |
| QUENTON LOFTON, | : | |
| | : | |
| Defendant. | : | Trial date: August 20, 2008 |
| | : | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO EXCLUDE DEFENDANT'S SELF-SERVING AND UNRELIABLE HEARSAY**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves *in limine* to preclude any attempt by the defendant to introduce evidence of his self-serving and unreliable out-of-court statements. As grounds for this motion *in limine*, the United States relies on the following points and authorities.

**I.   Background**

The defendant is charged in a two-count indictment with drug charges stemming from his constructive possession of PCP and marijuana found in his girlfriend's car, in which he was the sole occupant of the vehicle when it was first seen parked in an alley behind the 200 block of I Street, S.W., Washington, D.C.

At trial, the United States expects the evidence to show that on March 15, 2008, at approximately 8:25 p.m., Metropolitan Police Department NSID-GRU Officers drove into an alley next to some apartment buildings in the 200 Block of I Street, S.W., Washington, D.C. When the officers drove into the alley, they saw an individual standing in the alley with his hands in his waistband. The officers decided to speak with that individual, and as they drove toward him, they passed a white Chevy Prism that was parked in the alley with an individual seen sitting in the

passenger seat.[1] One of the officers got out of the police car and spoke with the individual in the alley and determined that an object the officers had seen in his hands was an iPod. At about that time, officers noticed the defendant move from the front passenger seat of the Prism into the driver's seat. The officers decided to make contact with the defendant, and one of the officers walked up to the driver's side of the Prism while another officer stood by the passenger's side window.

The first statements made by the defendant came when the officer on the driver's side asked the defendant if he could speak with the defendant, and the defendant replied, "Yeah Man, I wasn't driving, I am just waiting for my girl, and I don't have a driver's license." Officers noticed that the defendant was extremely nervous and was constantly moving his hands as he spoke. The officer next to the passenger side shined a flashlight into the car and noticed that there was a hand-rolled "blunt" in the ashtray under the dash board, and saw the defendant slide a black object into the open area of the center console. The officer on the passenger side signaled the officer on the driver's side to get the defendant out of the car. Officers removed the defendant from the car and had him stand near the rear of the car.

The next statements by the defendant came as he was being escorted to the rear of the car. At that moment the defendant's girlfriend, Letticia Waites, approached the officers. The defendant immediately identified her as his girlfriend, and the owner of the car.

One of the officers told her that there were some narcotics in her automobile. At the officer's request, Ms. Waites consented to a search of the car. One of the officers entered the Prism and recovered the black object from the center console and determined that it was a black sock that contained an 8 ounce lime juice bottle filled with PCP. A prescription bottle in the defendant's name

---

[1] This individual was subsequently identified as the defendant in this case, Quenton Lofton.

was also recovered from the center console next to the bottle of PCP. In addition to the PCP, officers recovered an unlit hand-rolled, suspected marijuana blunt from the ash tray in the dash board, two ziplock bags of suspected marijuana (approximate weight 6 grams) in Waites' open, unzipped purse, which was lying on the driver's seat, and 11 empty glass vials in a black plastic bag on the back seat.

The third group of statements, and the only statements made after the defendant's arrest, were made just as officers were finishing the search of the car. At that point, the defendant made a spontaneous statement that everything in the car was his. When one of the officers asked about the marijuana though, the defendant said that he did not know anything about the marijuana. Defendant was then placed under arrest.

Ms. Waites subsequently confirmed that the Prism was hers, and that she doesn't let anyone else drive the car.

## II. Argument

### A. The Defendant Should be Prohibited from Introducing His Self-Serving Statement through the Cross-Examination of Government Witnesses

The United States is concerned that the defendant might attempt to introduce his self-serving hearsay statements through the cross-examination of government witnesses. Thus, we hereby move to preclude any attempt by the defendant to introduce his own statement.

There is no evidentiary basis for the defendant to seek admission of the statement. The Federal Rules of Evidence provide only for the admission of a party's own statement if the statement is offered by a party-opponent, against the party. Fed. R. Evid. 801(d)(2)(E). In other words, from an evidentiary perspective, the government may introduce statements of a defendant[2]. The

---

[2] The government understands that in this case, it is precluded from introducing the defendant's statements because the Court has granted the defendant's motion to suppress them.

defendant, himself, however, cannot introduce his own statements. *See, e.g., United States v. Bond*, 87 F.3d 695 (5th Cir. 1996) (excluding tape of defendant's statement offered by defendant, himself). "[A]dmissions (subdivision (d)(2)) are permitted not because they are reliable, but because the adversary or his agents made them – if a party happens to make an unreliable statement, it is not up to the Judge to protect him from the use of the statement by the adversary; it is up to the party to try to explain the statement or to diminish its importance." 4 Saltzburg, Martin, Capra, Federal Rules of Evidence Manuel, § 801.02[2][b] at 801–27 (8th ed. 2002).

The case of *United States v. Ortega*, 203 F.3d 675 (9th Cir. 2000), is instructive on this issue. In *Ortega*, the defendant was precluded from introducing his own statements:

> The self-inculpatory statements, when offered by the government, are admission by a party-opponent and are therefore not hearsay, see Fed.R.Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay. See Williamson, 512 U.S. at 599, 114 S.Ct. 2431 (finding that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay").

Id. at 682.

Courts have regularly rejected attempts by defendants to admit portions of their own statements. *See, e.g., United States v. Bollin*, 264 F.3d 391, 414 (4th Cir. 2001) (after government introduced portions of defendant's grand jury testimony, defendant precluded from introducing additional portions pursuant to the Rule of Completeness because they were not relevant to any issue in the case); *United States v. Jackson*, 180 F.3d 55, 73 (2nd Cir. 1999) (admitting 90 seconds of tape of defendant's statement and excluding as "neither explanatory or relevant" the remaining forty minutes of tape consisting of defendant's self serving statements); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (precluding defendant from introducing explanation of wrongdoing

4

from his statement because "when the rule [of completeness] does apply, its purpose is to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received"); *United States v. Harvey*, 959 F.2d 1371, 1376 (7th Cir. 1992) (affirming exclusion of excerpts of his statement offered by defendant because the defendant did "not explain how the statement qualifies or explains" the portions of his statement introduced by the government); *United States v. Soures*, 736 F.2d 87, 91 (3rd Cir. 1984) (admitting additional excerpts of grand jury testimony only to avoid "a misleading impression"); *United States v. Marin*, 669 F.2d 73, 84 (2nd Cir. 1982) (excerpts of defendant's statement proffered by defendant not admitted because they were not "necessary to explain the admitted portion, to place it in context, or to avoid misleading the trier of fact").[3]

---

[3] Since defendant's statements were neither written nor recorded, the Rule of Completeness does not even apply here. See Fed. R. Evid. 106 (emphasis added) ("When a **writing** or **recorded statement** or part thereof is introduced by a party . . ."). *See, e.g., United States v. Ramirez-Perez*, 166 F.3d 1106, 1112-13 (11th Cir. 1999) (a statement offered under Rule 106 must be either written or verbatim); *United States v. Harvey*, 959 f.2d 1371, 1376 (7th Cir. 1992) (same); *United States v. Smith*, 794 F.2d 1333, 1335 (8th Cir. 1986); *United States v. Dorrell*, 758 F.2d 427, 434-35 (9th Cir. 1985).

WHEREFORE, the United States respectfully requests that the Court grant our motion *in limine* to exclude the defendant's self-serving hearsay statements.

                                                  Respectfully Submitted,

                                                  JEFFREY A. TAYLOR
                                                  Attorney of the United States in
                                                  and for the District of Columbia
                                                  Bar No. 498610

BY:              /s/
                EMILY A. MILLER
                Assistant United States Attorney
                Bar No. 462077
                Federal Major Crimes Section
                555 4th Street, N.W., Room 4237
                Washington, DC 20530
                (202) 514-7533
                Emily.Miller2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 08-101 (JDB) |
| : | |
| QUENTON LOFTON, : | |
| : | |
| Defendant. : | |
| : | |

**O R D E R**

The Court having reviewed the government's motion *in limine* to exclude the defendant's self-serving hearsay statements, any opposition thereto, and good cause appearing therefor, it is this _____ day of _____, hereby

**ORDERED** that the motion is **GRANTED**, and it is further

**ORDERED** that the defendant may not elicit his own hearsay statements to the police.

_____
JOHN D. BATES
DISTRICT COURT JUDGE