# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 08-101 (JDB)** |
| | ) | |
| **QUENTON T. LOFTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

### OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
### TO EXCLUDE MR. LOFTON'S SELF-SERVING STATEMENTS

Mr. Quenton T. Lofton, the defendant, through undersigned counsel, respectfully submits the following opposition to the Government's Motion to Exclude his Self-Serving and Unreliable Hearsay.

### FACTS

Mr. Lofton is charged in a two-count indictment with Count One - Unlawful Possession With Intent to Distribute 100 Grams or More of Phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(iv); and Count Two - Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a). The charges arose out of an incident that occurred on March 15, 2008. On this date, officers observed Mr. Lofton sitting inside a parked car where he switched from the passenger seat to the driver's seat. After observing Mr. Lofton switch seats in the car, officers of the Metropolitan Police Department decided to approach Mr. Lofton as he sat in the driver's seat of the parked car.

Upon approach to the driver's side of the car, Officer Smith spoke with Mr. Lofton who identified himself as Quenton Lofton. According to the PD 163, while Mr. Lofton was seated in the car, he stated the following: "Yea Man, I wasn't driving, I am just waiting for my girl, and I

don't have a driver's license."  Also, at the motions hearing in this case, Officer Fultz testified

that some additional statements were made by Mr. Lofton in response to Officer's Smith

questions about his identity and the reasons for his lack of an identification card.[1]

Mr. Lofton was then asked to step out of the car and as he was being escorted to the back

of the car, Ms. Letticia Waites began to approach the scene.  At this point, Mr. Lofton stated to

the officers that Ms. Waites was his girlfriend and that she was the owner of the car.[2]  The car

was then subsequently searched after Mr. Lofton was asked to step out.

The government also alleged that Mr. Lofton made additional statements admitting

knowledge of the contents inside the car.[3]  However, these statements have been suppressed by

this Court pursuant to the Order issued on July 2, 2008.  See Docket entry #15 and #22.

## ARGUMENT

In its motion, the government "is concerned that the defendant might attempt to introduce

his self-serving hearsay statements through the cross-examination of government witnesses."

See Gov't Motion at pg. 3.    However, there is no further discussion as to how these statements

can be perceived as self-serving or perceived in any other way than in compliance with Officer

Smith's inquiry as to who he was and why he was inside the car.  Further, these statements give

context as to how the interaction between the police officers and Mr. Lofton occurred in this

---

[1]  These statements are characterized as the first set of statements made by Mr. Lofton in their motion to exclude Mr. Lofton's statements as self-serving hearsay.

[2]  These statements are characterized as the second set of statements made by Mr. Lofton in their motion to exclude Mr. Lofton's statements as self-serving hearsay.

[3]  These statements are characterized as the third group of statements made by Mr. Lofton in their motion to exclude Mr. Lofton's statements as self-serving hearsay.

case.

It is also very unclear from the government's motion as to what statements made in response to Officer Smith's inquiries to Mr. Lofton about his identification and reasons for a lack of an identification car, the government is concerned.  The government's motion is void of any analysis or discussion as to how any of the statements made by Mr. Lofton are in fact self-serving.[4]  The government cites to several cases that are in complete apposite to the facts and circumstances of the statements made by Mr. Lofton.[5]

Undersigned counsel assumes that the government is not disputing that Mr. Quenton Lofton is in fact Quenton Lofton - thereby the statement to Officer Smith giving his name is not self-serving, rather a true fact.  It is also unclear if the government is contesting the fact that the car in this case is owned by Letticia Waites.  Regardless of these unknowns, these types of responses by people who interact with law enforcement officials are responses to typical routine questions by law enforcement officers in order to effectively investigate.  Routine booking

---

[4]  The government also does not indicate if any of these "out of court" statements are to "prove the truth of the matter asserted."

[5]  The government cited United States v. Bond, 87 F.3d 695, 697 (5th Cir. 1996) where the issue involved the attempted use by the defendant to introduce an audio tape that the defendant made two years after fleeing the United States to explain his reasons for his flight which also included allegations of misconduct by the government. The government also cited United States v. Ortega, 203 F.3d. 675, 682 (9th Cir. 2000) and indicated in its motion that this case was instructive on this issue.  However, the facts of Ortega involve the defendant's attempted cross examination of a law enforcement officer regarding the defendant's exculpatory statements made within a broader inculpatory narrative.  In Mr. Lofton's case, the only statements permitted at trial for cross examination purposes would be the responses Mr. Lofton gave to Officer Smith when he was asked for identification.  Mr. Lofton does not say any exculpatory statements regarding the evidence seized from inside the car in which he was sitting.  All of the remaining cases cited by the government pertain to the defendant's attempt to admit grand jury testimony or irrelevant information; and the rule of completeness - all of which are not applicable in this case.

3

questions have been recognized in <u>Pennsylvania v. Muniz</u>, 496 U.S. 582 (1990) and in almost every case the government admits these statements made by defendants regarding their biographical information and in some instances information about ownership.  <u>See United States v. Peterson</u>, 506 F.Supp.2d 21 (D.C. Dist. 2007) (officer's questions to defendant, during execution of search warrant for his apartment, asking for identifying and biographical information as well as about the ownership of the apartment, fell under <u>Miranda</u> exception for routine booking questions.).

Further, in a Second Circuit case cited by the government in its motion, that Court denied the defendant's request to use an excerpt of his statement because the statement was "neither relevant to the rest of the statement nor necessary to explain or place in context the admitted portion."  <u>United States v. Marin</u>, 669 F.2d 73, 85 (2d Cir. 1982).  Here in the instant case, the statements made by Mr. Lofton in response to identification questions posed to him by Officer Smith are relevant and necessary to explain and place in context the reason for the interaction between Officer Smith and Mr. Lofton.

## CONCLUSION

For the foregoing reasons, Mr. Lofton respectfully moves this Honorable Court to deny the government's request that Mr. Lofton be excluded from cross examination relevant to statements made by Mr. Lofton in response to Officer Smith's inquiries about identification and reasons for being on scene.

4

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 08-101 (JDB)** |
| | ) | |
| **QUENTON T. LOFTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

_____ **ORDER**

     Upon consideration of Defendant's Opposition to the Government's Motion In Limine to

Exclude Defendant's Self-Serving and Unreliable Hearsay and finding good cause shown, it is

this ___ day of _____, 2008, hereby

     ORDERED that the government's motion is DENIED.



_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE