UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>QUENTON LOFTON,<br><br>Defendant. | Criminal Action No.  08-101 (JDB) |

**ORDER**

    Currently pending before the Court are several matters, which the Court resolves by this Order.

    1.    Defendant has moved [29] to exclude the government's expert testimony from Detective Anthony Washington regarding the methods and patterns of drug packaging, distribution, and pricing in the District of Columbia.  The argument is that the evidence relating to "the universe of drug distribution" is irrelevant to the specific drug offense with which the defendant is charged, but is highly prejudicial in its attempt to link the defendant to the world of drug trafficking in the District of Columbia.  But such expert testimony (indeed, often from Detective Washington) is routinely admitted in this District because it assists the trier of fact in understanding the physical evidence offered and in determining whether a defendant's conduct is consistent with the methods generally employed by drug dealers in distributing narcotics in the District of Columbia.  Jurors do not understand such methods without the specialized knowledge of an expert witness. See Fed. R. Evid. 702.  That is certainly true here with respect to the

allegations concerning the container of PCP and the common methods for the sale of PCP. Without the proffered expert testimony, it would be difficult for lay jurors to assess whether the narcotics at issue were possessed only for personal use or, as charged, for distribution. Hence, the evidence is relevant to facts at issue -- including whether defendant had the requisite intent to distribute PCP. Moreover, the probative value of the evidence is not "substantially outweighed by the danger of unfair prejudice." See Fed. R. Evid. 403. Defendant's motion [29] is therefore **DENIED**.

      2.      The government has moved [30] to clarify the scope of the Court's August 14, 2008 Order that results in the suppression of defendant's statements. The Court confirms that its ruling does not prohibit the government from using the statements for impeachment of defendant if he should testify at trial. Therefore, the government's motion [30] is **GRANTED**.

      3.      Finally, the government has moved [32] to preclude any attempt by defendant to introduce evidence of those same statements of defendant, which it labels as self-serving and unreliable. A more accurate label for most of the statements, in the Court's view, is innocuous. Hence, it is not altogether clear what the government's concern is with respect to the first two sets of statements (and defendant seems to concede that he could not seek to admit the third set of statements because the Court has suppressed them). Indeed, it is hard to characterize the statements as self-serving in the sense that they would be exculpatory.

But in any event, to the extent the statements are merely routine biographical, identifying, or ownership information provided in response to the government's routine booking questioning falling within its legitimate administrative concerns, the statements would generally be admissible. See United States v. Peterson, 506 F. Supp. 2d 21, 24-25 (D.D.C. 2007);

<u>Pennsylvania v. Muniz</u>, 496 U.S. 582, 601-02 (1990).  Here, however, the statements seem to have been spontaneous (and perhaps self-serving) assertions, not made in response to police questioning, and defendant has identified no basis upon which to admit such statements when offered by defendant.  Accordingly, the government's motion [32] is **GRANTED**.

    **SO ORDERED**.

                                                                                   /s/
                                            JOHN D. BATES
                                  UNITED STATES DISTRICT JUDGE

Date: August 29, 2008